IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: HARDY K. AH PUCK, JR.,<br><br>Petitioner. | CIVIL NO. 22-00542 LEK-RT<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

## ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody, ECF No. 1, filed by pro se Petitioner Hardy

K. Ah Puck, Jr. ("Ah Puck").  The Petition is DISMISSED for lack of jurisdiction

because Ah Puck was not in custody when he commenced this action.  Any request

for a certificate of appealability is DENIED.

## I.  DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases states that the Court must

dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the

petition is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see*

*also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990).

For this Court to have subject-matter jurisdiction over a habeas petition, the

petitioner must be "in custody."  As relevant here, 28 U.S.C. § 2254(a) states that

"a district court shall entertain an application for a writ of habeas corpus in behalf

of a person *in custody* pursuant to the judgment of a State court only on the ground

that he is *in custody* in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2254 (emphases added).

Section 2254(a)'s "first reference to 'in custody' requires that the habeas

petition be filed in behalf of a person in custody."  *Munoz v. Smith*, 17 F.4th 1237,

1241 (9th Cir. 2021) (internal citation omitted).  "To satisfy the second

requirement, [the petitioner] must be challenging the 'lawfulness of his custody.'"

*Id.* (citation omitted).  Section 2254(a)'s "in custody" requirement is jurisdictional.

*Id.* at 1240.

Here, Ah Puck deposited the Petition in the prison mailing system on

December 15, 2022.  ECF No. 1 at PageID.15.  At that time, however, Ah Puck

was not in custody pursuant to a state court judgment.  Indeed, according to Ah

Puck, he was released from custody on May 18, 2022.  *Id.* at PageID.2.  Publicly

available state court records are consistent with Ah Puck's representation.  Those

records reflect that a Judgment of Acquittal was entered in *State v. Ah Puck*, No.

2CPC-21-0000601 (Haw. 2d Cir. Ct.), on May 17, 2022.  *See* Hawaii State

Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click

Here to Enter eCourt* Kokua," select "Case Search," and enter "2CPC-21-

0000601" in "Case ID or Citation Number" field) (last visited Jan. 6, 2023).  Thus,

2

Ah Puck was not in custody pursuant to a state court judgment when he commenced this action on December 15, 2022.

At various points in the Petition, Ah Puck refers to *Ah Puck v. Jones*, Civ. No. 22-00165 SOM-KJM (D. Haw.).  ECF No. 1 at PageID.1–2, 4, 6–8.  Although Ah Puck asserts that he was convicted and sentenced in that case on May 18, 2022, *id.* at PageID.1, he is mistaken.  The referenced matter was a civil case filed in this district that was dismissed on April 15, 2022.  *See* Order Dismissing Action Without Prejudice, Ah Puck, Civ. No. 22-00165 SOM-KJM (D. Haw. Apr. 15, 2022), ECF No. 3.  The Court therefore lacks jurisdiction to consider the Petition because Ah Puck was not in custody pursuant to a state court judgment when the Petition was filed.

## II.  CONCLUSION

(1) This action is DISMISSED for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

(2) Any certificate of appealability is DENIED, because "jurists of reason would" not "find it debatable" that this Court lacks jurisdiction over the Petition.

(3) The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 6, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**IN RE:  HARDY K. AU PUCK, JR; CV 22-00542; ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**